FIRST DEPARTMENT, MARCH, 1928.

WILLIAM E. D. STOKES, Plaintiff, v. OTTOMAN AMERICAN DEVELOPMENT COMPANY, Respondent, and WILLIAM E. D. STOKES, JR., Appellant.*

*Pleadings — counterclaims — counterclaim by one defendant against another not allowed under Civil Practice Act, § 271, and Rules of Civil Practice, rule 112.*

Appeal from an order of the Supreme Court, entered in the New York county clerk's office on July 1, 1927.

Appellant's motion for judgment on the pleadings pursuant to section 271 of the Civil Practice Act and rule 112 of the Rules of Civil Practice was denied at Special Term.

PER CURIAM.  We are of the opinion that none of the counterclaims states a cause of action against the defendant William E. D. Stokes, Jr.  The subject-matter of the first counterclaim is the obtaining by the plaintiff, by means of false representations, of certain notes and stock which it is alleged the plaintiff refuses

---

* See 132 Misc. 125.

to return. Defendant Ottoman American Development Company, therefore, claims that there is now due to it the value of said shares of stock. None of the allegations affecting Stokes, Jr., even if they can otherwise be held sufficient, which is very doubtful, bring him within the subject-matter of this counterclaim. As to the second counterclaim, any general allegations as to a conversion are subsequently limited to acts which are related to an attempted transfer of a contract which attempt was admittedly void. No further facts are alleged which in any way indicate how these void acts have caused damage to the defendant Ottoman American Development Company. The third counterclaim does not attempt, either directly or remotely, to connect Stokes, Jr., with the transactions therein alleged. In the fourth counterclaim there is no attempt to connect Stokes, Jr., with the publications complained of and the only allegation concerning him is that he, with others, intended the publications to mean that the nationals who were connected with the enterprise had changed. If Stokes, Jr., had no connection with the publications, any thought on his part not connected in any way with an overt act would obviously spell out no cause of action. There is a further allegation that Stokes, Jr., was employed fraudulently to negotiate the sale to adverse interests, but there is lacking any allegation showing that Stokes, Jr., performed any act which it is alleged he was employed for. It follows that the order appealed from should be reversed, with ten dollars costs and disbursements to the defendant, appellant, and the motion for an order directing judgment dismissing all the counterclaims of defendant Ottoman American Development Company as against the said defendant, appellant, Stokes, Jr., granted, with ten dollars costs, with leave to amend within ten days upon payment of costs of the action to date and costs of this appeal. Present — Dowling, P. J., Merrell, Finch, McAvoy and Proskauer, JJ. Order reversed, with ten dollars costs and disbursements, and motion for judgment dismissing all the counterclaims of the defendant Ottoman American Development Company as against the defendant William E. D. Stokes, Jr., granted, with ten dollars costs, with leave to the defendant Ottoman American Development Company to serve an amended answer and counterclaims upon the defendant William E. D. Stokes, Jr., within ten days from service of order upon payment of the taxable costs of the action to date, including the costs of this appeal.